FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INS. CO. ) a/s/o Cambridge Management Co., LLC, ) ) Plaintiff, ) ) v. ) ) SYSTEMATIC ROOFING ANALYSIS, ) INC. and PEACH STATE ROOFING, ) INC., ) ) Defendants. ) _____) | CIVIL ACTION FILE NO. 8:07CV1339-T30 MAP JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Landmark American Insurance Company a/s/o Cambridge Management Company, LLC, by and through the undersigned counsel, respectfully files this Complaint for damages and demand for jury trial against Defendants Systematic Roofing Analysis, Inc. and Peach State Roofing, Inc., and states as follows:

### THE PARTIES

1. Plaintiff Landmark American Insurance Company ("Landmark") is a corporation organized and existing under the laws of the state of Oklahoma, with its principal place of business located at 945 East Paces Ferry Road, N.E., Atlanta, Georgia 30326-1160.

2. Landmark is an insurance company engaged in the business of insuring, among other things, real and personal property, including property located in Pinellas County, Florida.

TP 42462
$350

3. At all times relevant to this Complaint, Landmark insured the real and personal property owned by Cambridge Management Company, LLC, and located at 2028 66th Street North, St. Petersburg, Florida 33710, such insurance being provided pursuant to the terms and conditions of an insurance policy issued to the Lamberts.

4. Defendant Systematic Roofing Analysis, Inc. ("SRA") is a corporation organized and existing under the laws of the state of Pennsylvania. Defendant SRA is subject to the jurisdiction of this Court. Service may be perfected upon this Defendant by and through its President, Timothy A. Smey, 25A Stevens Avenue, West Lawn, Pennsylvania 19609.

5. At all times relevant to this Complaint, Defendant SRA was engaged in the business of providing services as a general contractor and/or roofer in and around the state of Florida, including Pinellas County.

6. Defendant Peach State Roofing, Inc. ("Peach State") is a corporation organized and existing under the laws of the state of Georgia. Defendant Peach State is subject to the jurisdiction of this Court. Service may be perfected upon this Defendant by and through its Registered Agent, Martin Kelly, 1655 A Spectrum Drive, Lawrenceville, Georgia 30043.

7. At all times relevant to this Complaint, Defendant Peach State was a contractor engaged in the business of constructing and installing roofing systems, including a roofing system designed by Defendant SRA.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §1332, jurisdiction is proper in this Court, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Defendants.

9. Pursuant to 28 U.S.C. §1391(a), venue is proper in this Court, because the property at issue is located in this judicial district, and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

10. This is a subrogation action involving property owned and operated by Landmark's insured, Cambridge Management Company, LLC ("Cambridge") and located at 2028 66th Street North, St. Petersburg, Florida 33710 (the "subject property").

11. SRA agreed, for valuable consideration, to design a new roofing system for the subject property.

12. SRA agreed to take bids from contractors in connection with the new system's installation.

13. Defendant Peach State won the bid and installed the roofing system at the subject property.

14. During the course of installing the new roofing system at the subject property, Peach State improperly installed new roof drains and/or concealed the existing roof drains, thereby reducing the size of the drains and the area available for drainage.

15. During the course of installing the new roofing system at the subject property, Peach State cut and removed the original aggregate roof, replacing it with tapered insulation, and thereby changing the load center of the roof.

16. On or about February 3, 2006, during a heavy rainstorm, excessive amounts of water pooled on the roof at the subject property causing the roof to collapse.

17. The roof collapse caused substantial damage and destruction to the roof itself, other portions of the building, and other property, including inventory located within the building and belonging to Cambridge's tenant, Bed Bath & Beyond.

18. A subsequent investigation of the roof collapse revealed that the collapse was caused by Defendants' negligent design and/or installation of the roofing system.

19. As a direct and proximate cause of the collapse, Cambridge suffered substantial losses for which Landmark, pursuant to the terms and conditions of its insurance policy, paid its insured, in an amount in excess of $75,000.00.

20. By reason of the aforementioned payment, pursuant to the terms and conditions of its insurance policy, and by operation of law, Landmark is subrogated to Cambridge's rights of recovery to the extent of the payment made.

21. Landmark is, therefore, entitled to have and recover from Defendants its damages resulting from their negligence.

## COUNT 1
## *NEGLIGENCE OF SYSTEMATIC ROOFING ANALYSIS, INC.*

22. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 21 of this Complaint as though the same were more fully set forth at length herein.

23. SRA undertook for consideration to design a new roofing system for the subject property.

24. SRA had a duty to exercise reasonable care in designing and/or constructing the new roofing system of the subject property.

25. SRA had a duty to assure that the roof design was in accordance with accepted industry standards.

26. SRA knew or should have known that its failure to properly design the roofing system would result in harm to Landmark's insured.

27. SRA breached its duty by committing one or more of the following negligent acts of commission and/or omission:

    (a) improperly designing the new roof system, which reduced the size of the drains and the area available for drainage below the requirements specified by the applicable building;

    (b) failing to design overflow drainage and/or additional structural support for the roof after reducing the size of the existing roof drains and the area available for drainage;

    (c) improperly designing the new roof system, which dramatically changed the roof's center of gravity;

    (d) improperly designing, repairing, fabricating, assembling, constructing, installing, inspecting and/or testing the subject roof

system, so as to prevent its collapse under expected, foreseeable, and anticipated conditions;

(e) improperly designing repairing, fabricating, assembling, constructing, installing, inspecting and/or testing the subject roof system, so as to prevent the lack of required weather resistance and ensure its ability to withstand the elements in general;

(f) failing to properly design, repair, fabricate, assemble, construct, install, inspect and/or test the subject roof system, in accordance with applicable statutes, codes, regulations, standards, and other guidelines and/or industry standards, relating and applying, in whole or in part, to the engineering, design, construction and installation of the subject roof system;

(g) failing to supervise, train and oversee in a reasonable and proper manner the conduct, activities and operations of its employees, agents, servants, workmen, contractors and subcontractors in connection with the design, construction, and/or installation of the subject roof system;

(h) failing to exercise due care while providing services in connection with the design, construction, and/or installation of the subject roof system;

(i) failing to perform services in a good and workmanlike manner;

(j) failing to comply with applicable building codes;

(k) failing to comply with industry standards; and

(l) otherwise failing to exercise due care as may be disclosed in the course of discovery.

28. As a direct and proximate result of the foregoing negligent acts of commission and/or omission on the part of SRA, Landmark has suffered damages in excess of $75,000.00.

## COUNT II
### *BREACH OF WARRANTY BY SYSTEMATIC ROOFING ANALYSIS, INC.*

29. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 21 above, as though the same were fully set forth at length herein.

30. SRA gave express and/or implied warranties as to the quality of the roof system design.

31. SRA breached the warranties in that the roof system was designed with deficiencies and sub-standard workmanship.

32. As a direct and proximate result of SRA's breach of warranty, Landmark has incurred damages in excess of $75,000.00.

33. Landmark is, therefore, entitled to recover damages from SRA in excess of $75,000.00, as will be proven at trial.

## COUNT III
### *NEGLIGENCE OF DEFENDANT PEACH STATE ROOFING, INC.*

34. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 21 of this Complaint as though same were more fully set forth at length herein.

35. Peach State undertook for consideration to install a new roofing system for the subject property.

36. Peach State breached its duty by committing one or more of the following negligent acts of commission and/or omission:

    (a) improperly installing the new roof system, which reduced the size of the drains and the area available for drainage below the requirements specified by the applicable building;

    (b) failing to install overflow drainage and/or additional structural support for the roof after reducing the size of the existing roof drains and the area available for drainage;

(c) improperly installing the new roof system, which dramatically changed the roof's center of gravity;

(d) improperly designing, repairing, fabricating, assembling, constructing, installing, inspecting and/or testing the subject roof system, so as to prevent its collapse under expected, foreseeable, and anticipated conditions;

(e) improperly designing repairing, fabricating, assembling, constructing, installing, inspecting and/or testing the subject roof system, so as to prevent the lack of required weather resistance and ensure its ability to withstand the elements in general;

(f) failing to properly design, repair, fabricate, assemble, construct, install, inspect and/or test the subject roof system, in accordance with applicable statutes, codes, regulations, standards, and other guidelines and/or industry standards, relating and applying, in whole or in part, to the engineering, design, construction and installation of the subject roof system;

(g) failing to supervise, train and oversee in a reasonable and proper manner the conduct, activities and operations of its employees, agents, servants, workmen, contractors and subcontractors in connection with the design, construction, and/or installation of the subject roof system;

(h) failing to exercise due care while providing services in connection with the design, construction, and/or installation of the subject roof system;

(i) failing to perform services in a good and workmanlike manner;

(j) failing to comply with applicable building codes;

(k) failing to comply with industry standards; and

(l) otherwise failing to exercise due care as may be disclosed in the course of discovery.

37. As a direct and proximate result of the foregoing negligent acts of commission and/or omission on the part of Peach State, Landmark has suffered damages in excess of $75,000.00.

38. Landmark is, therefore, entitled to recover damages from Peach State in excess of $75,000.00, as will be proven at trial.

## COUNT IV
### *BREACH OF CONTRACT BY PEACH STATE ROOFING, INC.*

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 21 of this Complaint as though same were more fully set forth at length herein.

40. At all times relevant to this Complaint, there was a valid and enforceable contract between Cambridge and Peach State, pursuant to which Peach State agreed to install a new roofing system at the subject property.

41. Under the contract, Peach State owed Cambridge a duty to perform the roofing work in a good and workmanlike manner.

42. Peach State breached its contract with Cambridge by committing one or more of the following negligent acts of commission and/or omission:

    (a) improperly installing the new roof system, which reduced the size of the drains and the area available for drainage below the requirements specified by the applicable building;

    (b) failing to install overflow drainage and/or additional structural support for the roof after reducing the size of the existing roof drains and the area available for drainage;

    (c) improperly installing the new roof system, which dramatically changed the roof's center of gravity;

    (d) improperly designing, repairing, fabricating, assembling, constructing, installing, inspecting and/or testing the subject roof system, so as to prevent its collapse under expected, foreseeable, and anticipated conditions;

    (e) improperly designing repairing, fabricating, assembling, constructing, installing, inspecting and/or testing the subject roof

     system, so as to prevent the lack of required weather resistance and ensure its ability to withstand the elements in general;

(f)  failing to properly design, repair, fabricate, assemble, construct, install, inspect and/or test the subject roof system, in accordance with applicable statutes, codes, regulations, standards, and other guidelines and/or industry standards, relating and applying, in whole or in part, to the engineering, design, construction and installation of the subject roof system;

(g)  failing to supervise, train and oversee in a reasonable and proper manner the conduct, activities and operations of its employees, agents, servants, workmen, contractors and subcontractors in connection with the design, construction, and/or installation of the subject roof system;

(h)  failing to exercise due care while providing services in connection with the design, construction, and/or installation of the subject roof system;

(i)  failing to perform services in a good and workmanlike manner;

(j)  failing to comply with applicable building codes;

(k)  failing to comply with industry standards; and

(l)  otherwise failing to exercise due care as may be disclosed in the course of discovery.

43.  As a direct and proximate cause of Peach State's breach of contract, Landmark suffered damages in excess of $75,000.00.

44.  Landmark is, therefore, entitled to recover damages from Peach State in excess of $75,000.00, as will be proven at trial.

### COUNT V
### *BREACH OF WARRANTY BY PEACH STATE ROOFING, INC.*

45.  Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 21 above, as though the same were fully set forth at length herein.

46.     Peach State gave express and/or implied warranties as to the quality of construction and workmanship for roof system installation.

47.     Peach State breached the warranties in that the roof system was installed with deficiencies and sub-standard workmanship.

48.     As a direct and proximate result of Peach State's breach of warranty, Plaintiff has incurred damages in excess of $75,000.00.

49.     Landmark is, therefore, entitled to recover damages from Peach State in excess of $75,000.00, as will be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants SRA and Peach State, both severally and jointly, for damages sustained, together with costs, prejudgment and post-judgment interest, and such other relief this Honorable Court deems just and appropriate under the circumstances.

Respectfully submitted,

BY: _____
Samuel S. Woodhouse, Esq.
Florida Bar No. 789151
THE WOODHOUSE LAW FIRM, LLC
Suite 1402
260 Peachtree Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 214-7200
Facsimile: (404) 214-7202
swoodhouse@woodhouselawfirm.com
*Attorneys for Plaintiff*